UNITED STATES DISTRICT COURT
EASTERN DSITRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| NATHAN T. LUECK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| INPRO CORPORATION WELFARE ) | |
| BENEFIT PLAN, A Self-funded Health Plan ) | |
| <u>Registered Agent:</u> Inpro Corp. Medical Plan ) | Case No.: 2:25-cv-261 |
| ) | |
| Involuntary Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ECHELON INSURANCE ) | |
| A Foreign Corporation, NATIONWIDE ) | |
| LOGISTICS, INC., A Foreign Corporation ) | |
| and GURSEWAK SINGH ) | |
| ) | |
| Defendants. ) | |

**REPORT OF PARTIES' PLANNING MEETING**

The parties have conferred as required by Rule 26(f) and jointly submit the following discovery plan. See Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." See Fed. R. Civ. P. 16(b)(4).

The Rule 16 telephonic scheduling conference in this matter is scheduled to occur on May 30, 2025 at 3:00 PM before the Honorable Chief Judge Pamela Pepper. Counsel for Plaintiff and Defendants will appear telephonically.

1

**Attorneys of Record:**

| **Plaintiff's Attorney** | **Defendants' Attorney** |
|---|---|
| Adam R. Woodside<br>Kyle H. Frank<br>GRUBER LAW OFFICES LLC<br>411 East Wisconsin Avenue, Floor 19<br>Milwaukee, WI 53202<br>(414) 977-3751<br>arw@gruber-law.com<br>kylefrank@gruber-law.com | Brian J. Hunt<br>Roland S. Keske<br>THE HUNT LAW GROUP, LLC<br>70 West Madison Street, Suite 3050<br>Chicago, Illinois 60602<br>Direct: (312) 384-2307<br>bhunt@hunt-lawgroup.com<br>rkeske@hunt-lawgroup.com |

1. **Nature of the Case**

This case involves an alleged September 26, 2022, collision between the vehicle that was being operated by Plaintiff, Nathan T. Lueck ("Plaintiff"), and the vehicle being operated by Defendant, Gursewak Singh ("Singh"), that occurred on at or around 2:55 PM on southbound on 1-894 in the City of Greenfield, County of Milwaukee ("Incident"). At the time of the alleged Incident, Gursewak Singh was an employee of Nationwide Logistics, Inc. ("Nationwide").

2. **Related Cases & Proceedings**

There are no related cases or proceedings in this district or before any other court or administrative body.

3. **Statement of Factual and Legal Issues**

The parties agree that, in addition to any issues made by the pleadings, the following issues exist: (1) whether either Defendant proximately caused the alleged Incident; (2) whether Nationwide is vicariously liable as a result of the alleged Incident; (3) whether Plaintiff's conduct proximately caused the alleged Incident; (4) the nature and extent of Plaintiff's claimed injuries, if any; and (5) the effect(s) of Defendants' affirmative defenses on Plaintiff's claims, if any.

4. **Possibility of Prompt Resolution or Settlement**

The parties anticipate that they will be in a better position to informally discuss resolution of this matter once baseline discovery has been completed, including the exchange of necessary documents and information related to Plaintiff's claimed injuries and damages.

5. **Amendment of Pleadings**

The parties do not anticipate amending the pleadings. However, to the extent amendment is or becomes necessary, either party may have until July 25, 2025, to so amend, without leave of Court. Thereafter, the parties may only do so with leave of this Court.

6. **Identity of Any Additional Parties**

None known at this time

7. **Dispositive Motions.**

The parties may file dispositive motions of limited / uncontested issues, specifically motions for partial summary judgment, to limit or eliminate issues for trial. The parties propose that scheduling the deadline for dispositive motions in this matter be reserved. Should the matter proceed to trial, the parties anticipate filing motions *in limine* and other pre-trial motions.

8. **Estimated Trial Length**

The parties presently estimate that trial will take approximately three days.

9. **Discovery Plan and Schedule**

The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. 26(f)(3)(A)-(F).

    a. **Rule 26(a)(1) Disclosures**

3

Parties will exchange but *not file initial* disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by May 30, 2025. A certificate of compliance should be filed.

   b. **Expert Witness Disclosures**.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness' written report, if applicable, as follows:

   i. August 30, 2025, for Plaintiff;
   ii. November 30, 2025, for Defendants; and,
   iii. February 30, 2025, for Rule 26(e) supplements.

   c. **Subjects on which discovery may be needed.**

The parties agree that the subjects of discovery may include the facts and circumstances surrounding the alleged Incident. Discovery will also be made into the nature and extent of the alleged damages and/or injuries allegedly suffered by Plaintiff.

   d. **Time to complete discovery**.

The parties anticipate completing all discovery by March 23, 2026.

   e. **Disclosure of Discovery of ESI.**

At this time, the parties do not anticipate any undue burden, excessive expenses or any other special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during discovery. Unless specifically requested otherwise, the parties agree that they will meet and confer regarding the production of electronically stored information (ESI) and their discussions will address the form adequate and reasonable to satisfy each party's discovery requests.

**10. Procedures Regarding Claims of Confidentiality, Privilege and Work Product Protection.**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of confidential, privileged or work product information. The parties agree that, to the extent desired by either party, they will promptly negotiate a protective order and will submit the same to the Court for approval.

**11. Electronic Service of Discovery.**

The parties hereby agree that discovery requests, responses, and production may be served by electronic means in accordance with Rule 5(b)(2)(E).

**12. Limitations on Discovery.**

The parties do not propose any changes to the limitations on discovery which are set forth by the Federal Rules.

Dated: May 15, 2025                                      Respectfully submitted,

| | |
|---|---|
| GRUBER LAW OFFICES LLC | THE HUNT LAW GROUP, LLC |
| **Counsel for Plaintiff** | **Counsel for Defendants** |
| /s/ Adam R. Woodside | */s/ Roland S. Keske* |
| Adam R. Woodside | Roland S. Keske |
| 411 East Wisconsin Avenue, Floor 19 | 70 West Madison Street, Suite 3050 |
| Milwaukee, WI 53202 | Chicago, Illinois 60602 |
| (414) 977-3751 | Direct: (312) 384-2307 |
| arw@gruber-law.com | rkeske@hunt-lawgroup.com |